UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-20546

WINSTON MARACALLO,

    Plaintiff,

v.

CUSANO AIR CONDITIONING & HEATING, INC.
and JOHN E. CUSANO,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, Cusano Air Conditioning & Heating, Inc. and John E. Cusano, (collectively "Co-Defendants"), hereby file their Answer and Affirmative Defenses to the Complaint [DE 1] served by Plaintiff Winston Maracallo ("Plaintiff" or "Maracallo") on March 7, 2024, and state as follows:

1. Co-Defendants admit that Plaintiff is over the age of 18 but are without sufficient knowledge or information to admit or deny the allegations regarding Plaintiff's residence, and therefore they are denied.

2. Defendant Cusano Air Conditioning & Heating, Inc. admits that it employed Plaintiff for the relevant period. Defendant John E. Cusano denies that he employed Plaintiff and therefore denies the allegations in Paragraph 2.

3. Defendant Cusano Air Conditioning & Heating, Inc. admits that Plaintiff was a non-exempt employee of the Company. Defendant John E. Cusano denies that he employed Plaintiff and therefore denies the allegations in Paragraph 3.

4. Co-Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 4 and therefore they are denied.

5. Admitted.

6. Co-Defendants admit that John E. Cusano is the President of the Defendant Corporation. All remaining allegations are denied.

7. Defendant Cusano Air Conditioning & Heating, Inc. admits Plaintiff's allegations regarding venue. Defendant John E. Cusano denies that he employed Plaintiff and therefore denies the allegations in Paragraph 7.

8. Admitted.

9. Admitted.

10. Co-Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 4 and therefore they are denied.

11. Defendant Cusano Air Conditioning & Heating, Inc. admits that it was Plaintiff's employer for the relevant period. Defendant John E. Cusano denies that he employed Plaintiff and therefore denies the allegations in Paragraph 11.

12. Defendant Cusano Air Conditioning & Heating, Inc. admits that at all times pertinent to this Complaint, it had two or more employees and was engaged in interstate commerce. Defendant John E. Cusano denies that he employed Plaintiff or any other employee of Cusano Air Conditioning & Heating, Inc., and therefore denies the allegations in Paragraph 12.

13. Defendant Cusano Air Conditioning & Heating, Inc. admits that at all times pertinent to this Complaint, it was engaged in interstate commerce. Defendant John E. Cusano denies the allegations in Paragraph 13.

14. Defendant Cusano Air Conditioning & Heating, Inc. admits that at all times pertinent to this Complaint, it was engaged in interstate commerce. Defendant John E. Cusano denies the allegations in Paragraph 14.

15. Defendant Cusano Air Conditioning & Heating, Inc. admits that at all times pertinent to this Complaint, it was engaged in interstate commerce. Defendant John E. Cusano denies the allegations in Paragraph 15.

16. Defendant Cusano Air Conditioning & Heating, Inc. admits that at all times pertinent to this Complaint, the website www.cusanoairconditioning.com existed. Defendant John E. Cusano denies the allegations in Paragraph 16.

17. Defendant Cusano Air Conditioning & Heating, Inc. admits Plaintiff's allegations regarding the Company's gross revenues. Defendant John E. Cusano denies the allegations in Paragraph 17.

18. Defendant Cusano Air Conditioning & Heating, Inc. admits that records regarding the exact dates of Plaintiff's employment (to the extent such records exist) would be in its possession. Defendant John E. Cusano denies that he employed Plaintiff and therefore denies the allegations in Paragraph 18.

19. Defendant Cusano Air Conditioning & Heating, Inc. admits Plaintiff worked for the Company through March 28, 2023. Defendant John E. Cusano denies that he employed Plaintiff and therefore denies the allegations in Paragraph 19.

20. Defendant Cusano Air Conditioning & Heating, Inc. admits that the Fair Labor Standards Act ("Act") applies to Plaintiff's work for the Company but denies any violation thereof. Defendant John E. Cusano denies that he employed Plaintiff and therefore denies the allegations in Paragraph 20.

21. Defendant Cusano Air Conditioning & Heating, Inc. admits that it paid Plaintiff at various hourly rates of pay up to his last receipt of $35/hour. Defendant John E. Cusano denies that he employed Plaintiff and therefore denies the allegations in Paragraph 21.

22. Defendant Cusano Air Conditioning & Heating, Inc. denies that Plaintiff regularly and routinely worked more than 40 hours in a workweek for the Company. Defendant John E. Cusano denies that he employed Plaintiff and therefore denies the allegations in Paragraph 22.

23. Defendant Cusano Air Conditioning & Heating, Inc. denies all allegations in Paragraph 23. Defendant John E. Cusano denies that he employed Plaintiff and therefore also denies all allegations in Paragraph 23.

24. Defendant Cusano Air Conditioning & Heating, Inc. denies all allegations in Paragraph 24. Defendant John E. Cusano denies that he employed Plaintiff and therefore also denies all allegations in Paragraph 24.

25. Defendant Cusano Air Conditioning & Heating, Inc. denies all allegations in Paragraph 25. Defendant John E. Cusano denies that he employed Plaintiff and therefore also denies all allegations in Paragraph 25.

26. Paragraph 26 is duplicative of Paragraph 9. Therefore, Co-Defendants refer Plaintiff to their response to Paragraph 9.

27. Paragraph 27 is duplicative of Paragraph 10. Therefore, Co-Defendants refer Plaintiff to their response to Paragraph 10.

28. Denied.

Co-Defendants deny each allegation in the unnumbered "WHEREFORE" paragraph following Paragraph 28 and each subpart and deny that Plaintiff is entitled to any of the relief requested.

## **GENERAL DENIAL**

Co-Defendants deny all allegations not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief may be granted.

2. Defendant John E. Cusano cannot be liable for Plaintiff's unpaid overtime wages claim because he does not meet the standard for personal liability under the Fair Labor Standards Act ("FLSA").

3. Plaintiff's claims are barred in whole or in part by exemptions, exclusions, and credits provided in Sections 7 and 13 of the FLSA, 29 U.S.C. §§ 207 and 213.

4. Any claim or portion of a claim arising more than two years prior to the date upon which the Complaint was filed is barred by the limitations period contained in Section 6 of the Portal-to-Portal Act, 29 U.S.C. § 255.

5. Plaintiff's claims for liquidated damages are barred by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because the acts or omissions complained of, which are specifically denied by Co-Defendants, were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

6. Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours worked during which Plaintiff was engaged in activities which were preliminary or postliminary to his principal activities.

7. Plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimis non curat lex*.

8. Plaintiff's claims are barred in whole or in part by the doctrines of estoppel and unclean hands to the extent that Plaintiff's own conduct resulted in him not being paid for all hours worked or otherwise compensated in accordance with the FLSA.

9. Plaintiff's claims are barred to the extent that he worked hours in excess of forty per workweek that were against policy or concealed from Co-Defendants and were not condoned or ratified by Co-Defendants.

10. To the extent Plaintiff has failed to mitigate his damages, Co-Defendants are entitled to a set-off of the amount which Plaintiff earned, or could have earned, through reasonable efforts, and obtained, or could have obtained, through any other pay or benefits.

11. Plaintiff's claims for liquidated damages are barred because the acts, if any, and omissions, if any, of Co-Defendants do not rise to the level required to sustain an award of liquidated damages, are not motivated by ill intent and/or bad faith, and do not evince willful action on the part of Co-Defendants.

12. Plaintiff's claims against Co-Defendants are frivolous both in factual foundation and legal substance, and Co-Defendants are entitled to an award of their costs and attorneys' fees pursuant to 28 U.S.C. § 1927 and Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Co-Defendants assert that Plaintiff should take nothing in this action, and that Co-Defendants should recover their costs and reasonable attorneys' fees in this matter, together with such other relief as the Court deems just and proper.

Dated: April 11, 2024                             Respectfully submitted,

                                          By:   */s/ Charles S. Caulkins*
                                                   Charles S. Caulkins
                                                   Florida Bar No.: 0461946
                                                   ccaulkins@fisherphillips.com
                                                   John Y. Doty
                                                   Florida Bar No. 1030883
                                                 jdoty@fisherphillips.com
                                                 FISHER & PHILLIPS, LLP
                                                 201 E. Las Olas Blvd, Suite 1700
                                                 Fort Lauderdale, Florida 33301
                                                 (954) 525-4800—Telephone

                                                 *Attorneys for Co-Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on **April 11, 2024**, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                 */s/ Charles S. Caulkins*
                                                 Charles S. Caulkins

## SERVICE LIST

Brian H. Pollock, Esq.
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel: 305.230.4884

*Attorney for Plaintiff*